POSTED ON WEBSITE

<u>NOT FOR PUBLICATION</u>

FILED

APR 23 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 12-10827-A-13 |
| James Virgil Hoover, | |
|       Debtor. | |
| | |
| James Virgil Hoover, | AP No. 12-1025 |
|       Plaintiff, | DC No. PJB-1 |
|     v. | |
| Patricia J. Basset, | |
|       Defendant. | |

**MEMORANDUM DECISION REGARDING MOTION
TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**

Steve Earl Smith, Esq., appeared on behalf of the plaintiff-debtor, James Virgil Hoover. Defendant-creditor Patricia J. Basset appeared pro se.

Before the court is a motion to dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (the "Motion"), filed by the creditor Patricia Basset ("Basset"). The debtor James Hoover (the "Debtor") initiated the present adversary proceeding by filing a complaint alleging that Basset violated the automatic stays in the Debtor's first and second bankruptcy cases by resuming foreclosure proceedings against the Debtor's property and commencing and continuing unlawful detainer proceedings against the Debtor while the bankruptcies were pending (the "Complaint"). In his Complaint, the Debtor pleads two claims

1  of relief under §§ 362(k) and 105(a),[1] and he prays for damages, declaratory relief, and

2  injunctive relief.  While Basset, who is appearing pro se, responded to the Complaint with her

3  Motion, the substance of the Motion is unmeritorious.  Nevertheless, the court will examine the

4  Debtor's Complaint to determine whether it satisfies the applicable standards of Civil Rule

5  12(b)(6).  For the reasons set forth below, the court will grant the Motion in part and will deny it

6  in part, without granting leave to amend.

7          This memorandum decision contains the court's findings of fact and conclusions of law

8  required by Federal Rule of Civil Procedure 52(a), made applicable to this adversary proceeding

9  by Federal Rule of Bankruptcy Procedure 7052.  The court has jurisdiction over this proceeding

10  pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 362, and General Order Nos. 182 and 330

11  of the U.S. District Court for the Eastern District of California.  This is a core proceeding

12  pursuant to 28 U.S.C. § 157(b)(2)(A).

13  I.  **Background and Findings of Fact.**[2]

14          Prior to his bankruptcies, the Debtor owned property located in Lake Isabella, California

15  (the "Property"), with Basset holding a lien against this property.  Pre-petition, Basset had

16  commenced proceedings to foreclose on the Property.  But before any foreclosure sale could

17  occur, the Debtor filed his first petition under chapter 13 on June 28, 2011 in this district (Case

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330; all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036; and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Civil Rules 1–86.

[2] The following facts were alleged in the Debtor's Complaint.  For the sole purpose of considering Basset's Motion under the Civil Rule 12(b)(6) standard provided below, the court assumes that all of the factual allegations in the Complaint are true and construes these allegations in the light most favorable to the Debtor as the non-moving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  So as to not convert the Motion to one for summary judgment, the court only considers the facts alleged in the Complaint, the only submitted pleading in this case.  *See* FED. R. CIV. P. 12(d), *incorporated by* FED. R. BANKR. P. 7012(b); FED. R. CIV. P. 7(a) (listing what constitutes a "pleading"), *incorporated by* FED. R. BANKR. P. 7007.  Since they are not pleadings, the court disregards, for purposes of this Motion, any additional facts presented in the Motion, the Debtor's opposition to the Motion, and Basset's reply to the Debtor's opposition.  *See id.*

Case 12-01025    Filed 04/23/12    Doc 16

No. 11-17369; the "First Case"), causing the automatic stay to arise immediately upon filing. The Honorable W. Richard Lee, bankruptcy judge, was assigned to preside over the First Case.

One day after the filing, on June 29, 2011, the foreclosure sale of the Property was completed, but the Complaint is silent as to who ultimately purchased the Property at the sale. On July 19, 2011, Basset initiated an unlawful detainer action against the Debtor in state court, resulting in the entry of a default judgment in favor of Basset on October 17, 2011. These acts by Basset took place while the First Case was still pending.

On September 16, 2011, in response to the Debtor's motion to confirm his chapter 13 plan, Basset filed an objection to confirmation, evidencing her knowledge of the Debtor's bankruptcy. Additionally, on November 2, 2011, Basset attended the meeting of creditors where the chapter 13 trustee informed her that the automatic stay was in effect at the time of the foreclosure sale. On November 9, 2011, Basset filed a motion for relief from the automatic stay, but before the bankruptcy court could rule on that motion, the First Case was dismissed on December 22, 2012. Basset never filed a motion to retroactively annul the stay in the First Case.

The Debtor filed his second petition under chapter 13 on January 31, 2012 at 3:45 P.M. (Case No. 12-10827; the "Second Case"). On the petition date of the Second Case, at an unknown time, Basset executed on the default judgment, resulting in the eviction of the Debtor and his family from the Property and in Basset's seizure of the Debtor's personal property located at the Property. The current status as to who possesses this property is unknown.

The Debtor initiated this adversary proceeding by filing his Complaint on February 8, 2012 ("Adversary Proceeding"). Both the Second Case and the Adversary Proceeding were assigned to the Honorable Whitney Rimel.[3] The Complaint pleads two claims of relief under §§ 362(k) and 105(a) for Basset's violations of the automatic stay under § 362, and the Complaint prays for unspecified damages, including punitive damages, caused by Basset's acts that violated the stays; declaratory relief that Basset's post-petition acts were void as a result of

---

[3] Due to the retirement of Judge Rimel, all of her pending cases, including the Second Case and Adversary Proceeding, were reassigned to this court on March 16, 2012.

1  the stays; and injunctive relief enjoining Basset from continuing to violate the stay by denying

2  the Debtor access to the seized property.

3  II.    **Discussion.**

4        A.    Jurisdiction.

5        When the bankruptcy court believes it may lack subject matter jurisdiction over a case,

6  the court must raise the issue sua sponte and examine whether it has jurisdiction to hear the

7  case. *See In re First Indep. Trust Co.*, 101 B.R. 206, 208 (Bankr. E.D. Cal. 1989). The court

8  must dismiss the case if it determines at any time that it lacks subject matter jurisdiction. FED.

9  R. CIV. P. 12(h)(3), *incorporated by* FED. R. BANKR. P. 12(b) (applying Civil Rules 12(b)

10 through (I) in adversary proceedings).

11      Here, the Debtor's Complaint alleges two factual sets of stay violations: Basset's acts

12 during the First Case and then her acts during the Second Case. This court raises the

13 jurisdictional issue as to the former set of stay violations since these allegedly violative acts

14 arose during a different case and another bankruptcy judge presided over that case. It is

15 therefore necessary to consider the issue sua sponte of whether this court can exercise

16 jurisdiction to grant the requested relief under § 362(k) in the Second Case for stay violations

17 that occurred in the First Case.[4]

18      The bankruptcy court's jurisdiction is grounded in and limited by statute. *Celotex Corp.*

19 *v. Edwards*, 514 U.S. 300, 307 (1995). 28 U.S.C. § 1334(b) provides the federal district courts

20 with subject matter jurisdiction over "all civil proceedings arising under title 11, or arising in or

21 related to cases under title 11." 28 U.S.C. § 157(a) then permits each district court to refer any

22 of these proceedings "to the bankruptcy judges for the district." "Each bankruptcy judge, as a

23 judicial officer of the district court, may exercise the authority conferred under [Title 28, Part I,

24

25

26

27      [4] As discussed further below, the court will dismiss the Debtor's second claim of relief
under § 105(a). It is therefore unnecessary to determine whether this court could exercise
28 jurisdiction to impose sanctions under § 105(a) for stay violations occurring in the First Case.

4

Chapter 6 of the U.S. Code][5] with respect to any action, suit, or proceeding . . . except as otherwise provided by law or by rule or order of the district court." 28 U.S.C. § 151. The general orders from the U.S. District Court for the Eastern District of California referring bankruptcy matters to the bankruptcy judges of this district are, unsurprisingly, general: "[The district] court hereby refers to the bankruptcy judges of this district all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to cases under Title 11." E.D. Cal. Gen. Order No. 182 (enacted May 14, 1985); E.D. Cal. Gen. Order No. 330 (enacted Dec. 6, 1996) (reenacting all provisions of General Order No. 182). The applicable statutes, rules, and general orders lack the specificity that this court is looking for and therefore they provide little guidance on the issue at hand.

There is no question that an action for damages under § 362(k) for a violation of the automatic stay is within the bankruptcy court's general subject matter jurisdiction because such cause of action is created under § 362(k) and is therefore "arising under title 11." *Davis v. Courington (In re Davis)*, 177. B.R. 907, 912 (B.A.P. 9th Cir. 1995); *see also In re Aheong*, 276 B.R. 233, 247 (B.A.P. 9th Cir. 2002) ("That section gives the bankruptcy court 'arising under' jurisdiction even if none existed before."). Further, even after dismissal of a bankruptcy case, the bankruptcy court retains jurisdiction over the § 362(k) action. *Id.* at 244.

It is clear that Judge Lee, who presided over the First Case, would still have jurisdiction over claims under § 362(k) for stay violations occurring in the First Case, though that case has now been dismissed. It is also undisputed that this court has jurisdiction over § 362(k) claims relating to violative acts during the Second Case. However, the question remains: May this court (i.e., bankruptcy judge) exercise subject matter jurisdiction over stay violation claims arising in the First Case when another court still retains jurisdiction over these claims?

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has answered this question in the affirmative. In *In re Brawders*, the BAP determined that the bankruptcy judge presiding over the debtors' second case had jurisdiction to award damages for a stay violation that arose in

---

[5] Title 28, Part I, Chapter 6 of the U.S. Code includes 28 U.S.C. §§ 151–160.

1    their first case. *Cnty. of Ventura Tax Collector v. Brawders (In re Brawders)*, 325 B.R. 405,

2    409 n.5 (B.A.P. 9th Cir. 2005), *aff'd sub nom. Brawders v. Cnty. of Ventura (In re Brawders)*,

3    503 F.3d 856 (9th Cir. 2007) (adopting BAP's decision in its entirety).  The relevant facts of

4    *Brawders* are the same as the facts here.  There, after the entry of discharge and the close of

5    their first case, the debtors filed a second bankruptcy case. *Id.* at 408 & n.2.  They then initiated

6    an adversary proceeding in the second case seeking damages against a creditor who had violated

7    the automatic stay during the first case. *Id.* at 408.  While the cases were filed in the same

8    bankruptcy court, each case had been assigned to a different bankruptcy judge. *Id.* at 409 n.5.

9         Since the debtors in *Brawders* were involved in one pending bankruptcy case, rather than

10    two concurrently pending ones, the BAP reasoned that the bankruptcy court's actions in the

11    second case could not "impinge on the jurisdiction of the other, or violate principles of comity."

12    *Id.*  Further, the panel noted that the debtors' second case was filed in the same bankruptcy court

13    as the first, although before a different bankruptcy judge. *Id.*  Given these circumstances, the

14    BAP had "no difficulty in concluding that the bankruptcy court in the [second case] had

15    jurisdiction to . . . decide whether to award damages under [§ 362(k)]." *Id.* (citing *In re*

16    *Williams*, 323 B.R. 691, 697–98 (B.A.P. 9th Cir. 2005) (concluding that bankruptcy court in

17    debtor's third case had ancillary jurisdiction to annul stay in second case where same bankruptcy

18    judge presided over both cases)); *cf. In re Schwartz*, 954 F.2d 569, 570, 575 (9th Cir. 1992)

19    (reversing BAP's holding that when debtor failed to challenge during first case the creditor's

20    acts that violated stay, such acts became valid and enforceable in second case).  Since the

21    relevant facts considered by the BAP in *Brawders* are no different from the facts here, this court

22    may properly exercise jurisdiction over the Debtor's stay violation claims under § 362(k) which

23    arose in the First Case, in addition to those claims that arose in the Second Case.

24         B.    Civil Rule 12(b)(6).

25         In an adversary proceeding, before answering a plaintiff's complaint, a defendant may

26    file a motion to dismiss the complaint for "failure to state a claim upon which relief can be

27    granted." FED. R. CIV. P. 12(b)(6), *incorporated by* FED. R. BANKR. P. 7012(b).  To survive a

28    motion to dismiss under Civil Rule 12(b)(6), the complaint must contain sufficient factual

6

allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 555).

"Dismissal [under Civil Rule 12(b)(6)] is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Thus, the court must accept all factual allegations pleaded in the complaint as true and must construe these allegations and all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir. 1996). However, the court need not accept as true any unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). In addition to looking at the facts alleged in the complaint, the court may also consider a limited set of documents without converting the motion to dismiss into a motion for summary judgment; these include (1) documents attached as exhibits, (2) documents incorporated by reference in the complaint, and (3) matters which the court may take judicial notice. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."), *incorporated by* FED. R. BANKR. P. 7015. However, the court should deny leave to amend when it "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1227 (9th Cir. 2000) (citations omitted) (internal quotation marks omitted).

Utilizing the standards above, the court now considers whether the Complaint has pleaded facts sufficient to show that the Debtor is entitled to relief under §§ 362(k) and 105(a).

7

C.    Violations of the Automatic Stay.

Generally, when a creditor violates the automatic stay under § 362,[6] the debtor injured by the violation has two potential avenues for seeking remedies against the creditor: a private right of action under § 362(k) or an action for civil contempt under § 105(a). *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1189 (9th Cir. 2003).

"In the 1984 amendments, Congress added subsection (h) to § 362 [now enumerated in subsection (k)], expressly conferring on debtors the right to sue for damages for a willful violation of the automatic stay." *Walls v. Wells Fargo Bank*, 276 F.3d 502, 509 (9th Cir. 2002). Section 362(k) reads, "[A]n individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

Alternatively, a party injured by a stay violation "can recover damages in the form of costs and attorney's fees under section 105(a) as a sanction for ordinary civil contempt."[7] *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 193 (9th Cir. 1995) (citation omitted). A party is found in civil contempt when it violates a specific and definite order of the court, and, as the Ninth Circuit has stated, "[T]here can be no doubt that the automatic stay qualifies as a specific and definite court order." *Dyer*, 322 F.3d at 1191.

D.    § 105(a): Civil Contempt vs. Private Cause of Action.

Here, the Debtor pleads his second claim for relief under § 105(a), that Basset violated

---

[6] Section 362(a) of the Bankruptcy Code lists eight categories of acts that are stayed by the filing of a voluntary petition. If a creditor commits one of these acts after the petition date without seeking relief to do so from the court, she has effectively violated the automatic stay.

[7] Section 105(a) provides the following:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

8

1   the stay under § 362 and that he is entitled to relief under § 105(a) as a result. However, the

2   court does not construe the Complaint's second claim as seeking sanctions for civil contempt

3   under § 105(a), as the Complaint fails to mention the phrase "civil contempt" anywhere and

4   labels the second claim as simply "Damages Under 11 U.S.C. § 105." Rather, this court reads

5   the second claim as attempting to assert a private cause of action identical to § 362(k), but under

6   the authority of a different section of the Bankruptcy Code, namely § 105(a).[8] This is improper.

7   Based on a reading and application of the Ninth Circuit's decision in *Walls v. Wells Fargo Bank*,

8   276 F.3d 502, this court concludes that § 105(a) does not mirror § 362(k) and does not grant a

9   private cause of action to a party injured by a violation of the automatic stay under § 362.

10   Therefore, the Debtor's second claim for relief should be dismissed for failing to state a claim.

11       In *Walls*, the Ninth Circuit held that a private cause of action for a violation of the

12   discharge injunction under § 524 was unavailable under either § 524 or § 105(a).[9] *Walls*, 276

13   F.3d at 504. Instead, the court reinforced the common understanding that the Bankruptcy Code

---

[8] The bankruptcy court's civil contempt power under § 105(a) does not authorize the court to award punitive damages. *See Dyer*, 322 F.3d at 1192. Since the Debtor also prays for punitive damages under its second claim, this prayer for relief further supports the court's interpretation that the Debtor is attempting to assert a private cause of action under § 105(a), rather than a request for the court to impose civil contempt sanctions.

[9] Section 524 provides the following:

  (a) A discharge in a case under this title—

      (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

      (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

9

"has an enforcement mechanism for violations of § 524 via the contempt remedies available under § 105(a)." *Id.* at 509 (emphasis omitted).  In coming to its holding, the Ninth Circuit recognized that Congress amended both §§ 362 and 524 in the 1984 amendments, but only § 362 was amended to provide for a new private cause of action. *Id.*  Congress therefore knew how to create a private cause of action in the Code, and it failed to create one under § 524. *Id.*

The Ninth Circuit in *Walls* also rejected the argument that § 105(a) could be interpreted expansively as creating the private cause of action for a § 524 violation. *Id.* at 507.  Instead, the court insisted that, to remedy a discharge violation, a party could rely on the court's civil contempt authority under § 105(a) as "the appropriate remedy and no further remedy [was] necessary." *Id.* (citations omitted).  Since § 105(a) only authorized such remedies as "necessary or appropriate to carry out the provisions" of the Code, judicially creating another remedy, by implying a private cause of action within § 105(a), would have placed the court in the position of legislating. *Id.*  As the court put it, "[I]t [was] not up to [the court] to read other remedies into the carefully articulated set of rights and remedies set out in the Bankruptcy Code." *Id.*

While the Ninth Circuit dealt with remedies for a discharge violation in *Walls*, its brief discussion in a footnote lends support to this court's conclusion that § 105(a) cannot be broadly read as providing a private right of action in the context of a § 362 violation.  The Ninth Circuit noted,

> [The fact that Congress created a private cause of action in § 362 but failed to do so with § 524] also bolsters our conclusion that § 105 does not allow for a private right of action to enforce § 524.  If Congress had understood § 105 as permitting a private cause of action, the 1984 amendments creating one for violations of § 362 would have been superfluous.

*Id.* at 509 n.3.  Replacing the second reference to "§ 524" with "§ 362" in the above excerpt, the Ninth Circuit's reasoning would also apply in this context.  If the court construed § 105(a) as impliedly granting a private cause of action for a § 362 violation, then the Code's explicit private cause of action created in § 362(k) would be deemed unnecessary and superfluous. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or

10

1  insignificant." (citations omitted) (internal quotation marks omitted)).  Therefore, as a parallel to

2  *Walls*, this court holds that a private right of action for a violation of the automatic stay under

3  § 362 is unavailable through § 105(a).  *See Dyer*, 322 F.3d at 1190 ("[In *Walls*,] [w]e rejected

4  [the] invitation to read § 105(a) as a catch-all private right of action for the enforcement of other

5  Bankruptcy Code provisions." (citing *Walls*, 276 F.3d at 507)).

6          E.      § 105(a): Contested Matter vs. Adversary Proceeding.

7          Although an aggrieved party cannot rely on § 105(a) for a private cause of action, it may

8  nevertheless recover damages by bringing an action under § 105(a) for civil contempt.  *Id.* at

9  1189–90.  Yet, even if this court were to construe the Debtor's second claim for relief under

10  § 105(a) as a request for civil contempt sanctions, the Debtor remains procedurally prohibited

11  from seeking that relief in an adversary proceeding based on another recent circuit decision.

12          In *Barrientos v. Wells Fargo Bank*, the Ninth Circuit held that an action for contempt

13  under § 105(a) for a violation of the discharge injunction under § 524 must be initiated by

14  motion, and not via an adversary proceeding.  633 F.3d 1186, 1188 (9th Cir. 2011).  In that case,

15  the debtor commenced an adversary proceeding by filing a complaint pleading a single cause of

16  action for contempt for a discharge violation.  *Id.*  The bankruptcy court dismissed the

17  complaint, relying on the ruling in *Walls* that § 105 fails to grant a private cause of action for a

18  discharge violation.  *Id.*  And both the district court and the Ninth Circuit affirmed.  *Id.*

19          To reach its conclusion, the Ninth Circuit relied primarily on Rule 9020, governing

20  contempt proceedings in bankruptcy.  *Id.* at 1189.  This rule, in whole, reads, "Rule 9014

21  governs a motion for an order of contempt made by the United States trustee or a party in

22  interest."  FED. R. BANKR. P. 9020.  Rule 9014, in turn, is the rule governing "contested matters"

23  and requires such matters be brought by motion.[10]  *See* FED. R. BANKR. P. 9014(a).  "In other

24  words, a contempt proceeding . . . is a contested matter."  *Barrientos*, 633 F.3d at 1189.  Not

25  only was a contempt proceeding left unmentioned in the list of "adversary proceedings" under

---

[10] In contrast, an adversary proceeding is initiated by complaint.  FED. R. BANKR. P. 7003.

11

Rule 7001,[11] but the Ninth Circuit emphasized that Rule 9020 existed for the sole purpose of mandating that a contempt proceeding be brought by motion under Rule 9014. *Id.* at 1190. Rule 9020 "does nothing else." *Id.* Thus, a plain reading of Rule 9020 provides that an action for contempt, as a contested matter, must be initiated by motion, rather than by complaint in an adversary proceeding.

---

[11] Under Rule 7001, the following ten proceedings are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§ 727(a)(8), (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

1    Although *Barrientos*, like *Walls*, dealt with a violation of the discharge injunction, the

2    Ninth Circuit's holding also applies in the context of a violation of the automatic stay.  Since the

3    court based its holding on Rule 9020, which governs *any* contempt motions and not only those

4    seeking contempt for discharge violations, it follows that *Barrientos* is applicable when a party

5    seeks contempt sanctions for stay violations. *See Chiang v. Neilson (In re Death Row Records,*

6    *Inc.)*, No. CC-11-1186, 2012 WL 952292, at *12 & n.13 (B.A.P. 9th Cir. Mar. 21, 2012)

7    (concluding based on *Barrientos* that parties seeking contempt sanctions for stay violations must

8    do so by motion and must do so in the bankruptcy court where the main bankruptcy case is

9    pending).  Although its facts were limited to a single cause of action for contempt sanctions

10   specifically for a discharge violation, the Ninth Circuit in *Barrientos* had observed in general

11   that "the Bankruptcy Rules require that an action for contempt arising out of the violation of *an*

12   *order* issued in a bankruptcy case must be brought by motion in the bankruptcy case." 633 F.3d

13   at 1189 (emphasis added).  Since the automatic stay qualifies as a "specific and definite order"

14   issued in a bankruptcy case for purposes of finding civil contempt, an action for contempt

15   arising out of a violation of the stay under § 362 must be brought by motion pursuant to Rules

16   9020 and 9014 as well.

17       Here, the Debtor has properly sought its first claim for relief under § 362(k) in an

18   adversary proceeding.[12] *See Davis*, 177. B.R. at 912 (tacitly approving use of adversary

19   proceeding for recovering damages under § 362(k)); *see also Sternberg v. Johnston*, 595 F.3d

20   937, 949 (9th Cir. 2010) (tacitly approving the same by providing that debtor's "actual damages

21   under § 362(k)(1) do not include fees incurred in *prosecuting the adversary proceeding to*

22   *obtain damages*" (emphasis added)).  *But see In re Zumbrun*, 88 B.R. 250, 252 (B.A.P. 9th Cir.

23   1988) ("A sanctions request for willful violation of the automatic stay [under § 362(k)] is not

24

25       [12] Although the Debtor prays for injunctive relief in the Complaint, this does not
26   constitute a "proceeding to obtain an injunction" within meaning of Rule 7001(7). *See*
     *Barrientos*, 633 F.3d at 1190 (reasoning that regardless of how plaintiff characterized his prayer
27   for relief, plaintiff was seeking contempt order for violation of existing injunction rather than
     second, new injunction) ("An injunction against violating an existing injunction would be
28   superfluous, adding no judicial action and providing no additional relief.  The remedy for
     violating an injunction is not a repetitive injunction, but an order of contempt.").

13

1   included within [Rule 7001] nor can it be logically implied within Bankruptcy Rule 7001

2   proceedings."); *see also Barrientos*, 633 F.3d at 1189 ("A matter qualifies as an 'adversary

3   proceeding,' as opposed to a 'contested matter,' if it is included in the list given in Bankruptcy

4   Rule 7001."). But, in applying *Barrientos*, this court concludes that the present adversary

5   proceeding is an unavailable venue for the Debtor to pursue his "claim" for contempt sanctions

6   under § 105(a). *But see Williams*, 323 B.R. at 702 ("Rule 7001 requires an adversary

7   proceeding when a debtor is seeking a finding of contempt."); *cf. Nash v. Clark Cnty. Dist.*

8   *Attorney's Office (In re Nash)*, 464 B.R. 874, 879 (B.A.P. 9th Cir. 2012) (questioning

9   applicability of *Barrientos* when party seeks multiple forms of relief but nevertheless allowing

10  party to proceed in adversary proceeding in interest of convenience); *In re Van Ness*, 399 B.R.

11  897, 908 (Bankr. E.D. Cal. 2009) ("There is no impediment to including a contested matter

12  issue in an adversary proceeding.").

13       The Debtor's procedural inability to request civil contempt sanctions via an adversary

14  proceeding stems from the nature of the bankruptcy court's civil contempt authority.  Courts

15  have the inherent authority to enforce compliance with their own orders, and such enforcement

16  is performed through the court's civil contempt authority. *Shillitani v. United States*, 384 U.S.

17  364, 370 (1966) (citations omitted). As mentioned above, the bankruptcy court's civil contempt

18  authority derives from § 105(a) and allows the court to only enforce *its own* orders and remedy

19  violations of *its own* orders, including the automatic stay. *See Dyer*, 322 F.3d at 1191. Given

20  this jurisdictional limitation, "'enforcement of a court's order by contempt power is [within] the

21  sole province of the court that originated the order.'" *Barrientos v. Wells Fargo Bank (In re*

22  *Barrientos)*, No. 06-01685, Adv. No. 07-90221, 2008 WL 8013410, at *2 (Bankr. S.D. Cal. Jan.

23  30, 2008) (quoting *In re Startec Global Commc'ns Corp.*, 292 B.R. 246, 253–54 (Bankr. D. Md.

24  2003)), *aff'd*, No. 08-CV-463, 2009 WL 1438152 (S.D. Cal. May 20, 2009), *aff'd*, 633 F.3d

25  1186; *accord Red Nation P'ship v. Kiga*, 51 Fed. App'x 630, 632 (9th Cir. 2002) (unpublished

26  table decision) ("It almost goes without saying that the court against which contempt is alleged

27  to have been committed has exclusive jurisdiction to punish for such contempt." (citing *Ex parte*

28  *Bradley*, 74 U.S. (7 Wall.) 364, 371–72 (1869))).

14

"If parties could apply to another tribunal . . . to determine whether an order of another court has been breached, or should be enforced, and by what means, an improper collateral attack on the order effectively would be permitted." *Startec Global Commc'ns Corp.*, 292 B.R. at 253. By allowing a party to pursue contempt sanctions through an adversary proceeding, this procedure "could put enforcement of the [automatic stay] in the hands of a court that did not issue it." *Walls*, 276 F.3d at 509; *cf. Barrientos*, 633 F.3d at 1189 ("Congress did not intend for enforcement of a discharge order to be left to any other judge than the bankruptcy judge who issued the order, which would be a possible result *if an adversary proceeding were available* to pursue contempt for violation of a discharge order." (emphasis added) (citations omitted)). Therefore, contempt proceedings for a stay violation must be brought by motion, and, at the same time, they must be brought in the same court that issued the automatic stay.

The court acknowledges this seemingly contradictory result. Unlike § 524, which does not provide a private right of action for a discharge violation, § 362(k) does provide a private right of action for a stay violation, and this private cause of action may be pursued by adversary proceeding. Additionally, a § 362(k) action may be brought before a different court. *See Brawders*, 325 B.R. at 409 n.5. Given that a party injured by a stay violation may look to either § 362(k) or § 105(a) for relief, it would arguably make no difference for the party to seek contempt sanctions in an adversary proceeding as well. Distinguishing between an action for under § 362(k) and one under § 105(a) for procedural purposes would merely be arguing over form rather than substance.

However, recognizing such a distinction is, in fact, significant since failing to do so would defy the conclusion in *Walls* that § 105(a) remains an improper statutory source for finding a catch-all private right of action for violations of any Bankruptcy Code provision. The effect is best understood by closely looking at § 362(k). While § 362(k) does grant a private right of action, its plain language limits the parties who are afforded that right by providing relief only to "an *individual* injured by any willful violation of a stay." § 362(k) (emphasis added); *see also Pace*, 67 F.3d at 193 (holding that a trustee is not an "individual" and may only rely on civil contempt under § 105(a)); *Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991

F.2d 613, 619–20 (9th Cir. 1993) (holding that a corporation is not an "individual" and may only rely on civil contempt under § 105(a)). Before, non-individuals injured by a stay violation could only rely on civil contempt as their sole remedy, but the effect of permitting an action for contempt through an adversary proceeding would essentially be to provide non-individuals with an additional remedy. As one bankruptcy court from this circuit has observed,

> This is more than form over substance, because allowing plaintiffs to proceed in their complaint against defendant for contempt [in an adversary proceeding] would be according them a *de facto* private right of action, precisely contrary to the controlling authority in this Circuit [under *Walls*].

*Moi v. Asset Acceptance LLC (In re Moi)*, 381 B.R. 770, 773 (Bankr. S.D. Cal. 2008). Given that a private cause of action for a stay violation under § 362 is unavailable through § 105(a), allowing a party anyways to seek contempt sanctions through an adversary proceeding would disregard the limitations of § 105(a) for what is "necessary and appropriate" and would constitute an overextending and improper act by the court. *See Walls*, 276 F.3d at 507 ("[T]o create a new remedy would put [the court] in the business of legislating."). Therefore, the Debtor cannot pursue his "claim" for contempt sanctions in the present adversary proceeding.

For the reasons stated above, the court will dismiss the Debtor's second claim for relief under § 105(a) without allowing the Debtor leave to amend.[13]

F.      § 362(k): Willful Violation of the Automatic Stay.

Lastly, since the Debtor appropriately included § 362(k) as the statutory basis for his first claim for relief, the court must now consider whether the Debtor has sufficiently pleaded facts to state a claim under that Code section. A prima facie case for a willful violation of the automatic stay under § 362(k) requires a showing (1) by an individual debtor of (2) an injury from (3) a willful (4) violation of the stay. *Fernandez v. GE Capital Mortg. Servs., Inc. (In re Fernandez)*,

---

[13] Since the court finds below that the Debtor has alleged facts sufficient to plead a claim under § 362(k), the court sees no need to grant him leave to amend on the second § 105(a) claim. *See In re Roman*, 283 B.R. 1, 14–15 (B.A.P. 9th Cir. 2002) (providing that where debtor was already awarded damages under § 362(k), that was her exclusive remedy and it was unnecessary and improper for court to impose additional sanctions under § 105(a) for same conduct).

16

1   227 B.R. 174, 180 (B.A.P. 9th Cir. 1998), *aff'd mem.*, 208 F.3d 220 (9th Cir. 2000)

2   (unpublished table decision).

3           Section 362(a) of the Bankruptcy Code sets forth a range of post-petition acts that violate

4   the automatic stay, including the commencement or continuation of a judicial action against the

5   debtor, obtaining possession of or exercising control over property of the estate, enforcing a lien

6   against property of the estate, and recovering a pre-petition claim against the debtor, among

7   other acts. *See* §§ 362(a)(1)–(8). The Ninth Circuit has also held that "knowing retention of

8   estate property violates the automatic stay." *Cal. Emp't Dev. Dep't v. Taxel (In re Del Mission*

9   *Ltd.)*, 98 F.3d 1147, 1151 (9th Cir. 1996). And the "collection of a prepetition debt from a

10  debtor/tenant or continuation of any legal action to evict a debtor/tenant is a stay violation" as

11  well. *In re Ozenne*, 337 B.R. 214, 219 (B.A.P. 9th Cir. 2006) (citations omitted).

12          Debtor has unambiguously pleaded facts in the Complaint showing that Basset violated

13  the automatic stay in both the First and Second Cases. In the First Case, the Complaint alleges

14  that Basset enforced her lien post-petition by resuming the foreclosure proceedings against the

15  Property, which had become property of the estate upon filing, resulting in a post-petition

16  foreclosure sale. Basset had also commenced a post-petition unlawful detainer action against

17  the Debtor in state court, which then led to the entry of default judgment against the Debtor.

18  These factual allegations show that Basset's acts violated the automatic stay in the First Case.

19          For the Second Case, the Complaint fails to state when exactly Basset evicted the Debtor

20  from the Property and seized his personal property, so whether the eviction and seizure occurred

21  pre- or post-petition remains unclear. However, even if those acts occurred pre-petition, the

22  Debtor has alleged facts showing that a stay violation nevertheless occurred. Since the

23  foreclosure sale of the Property violated the automatic stay in the First Case and was thus void,

24  it follows that the Debtor retained an interest in the Property at the time of the Second Case and

25  that the Property became property of the estate in the Second Case. As a result, Basset violated

26  the automatic stay by exercising control over the Debtor's Property and his personal property

27  after the Second Case was filed. Because of Basset's allegedly void actions while both cases

28  were pending, the Debtor lost at least a possessory interest in his property, and, in particular, he

1   lost his home, thereby suffering an injury sufficient for purposes of this discussion. *See Dawson*

2   *v. Wash. Mut. Bank (In re Dawson)*, 390 F.3d 1139, 1148 (9th Cir. 2004) (holding that "actual

3   damages" in § 362 accounts for both financial and non-financial injury, such as emotional

4   distress).

5       Under § 362(k), the Debtor must also prove that the stay violations were willful to

6   justify an award of damages, and willfulness requires that (1) the creditor knows of the

7   automatic stay and that (2) the acts that violate the stay be intentional. *Morris v. Peralta (In re*

8   *Peralta)*, 317 B.R. 381, 389 (B.A.P. 9th Cir. 2004) (citations omitted); *see also Eskanos &*

9   *Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002) (citation omitted).  For purposes of

10  § 362(k), a creditor with knowledge of the bankruptcy proceedings is charged with knowledge

11  of the automatic stay. *Dyer*, 322 F.3d at 1191 (citing *Pinkstaff v. United States (In re Pinkstaff)*,

12  974 F.2d 113, 115 (9th Cir. 1992)).  For the First Case, the Debtor has alleged facts showing

13  that Basset knew of the automatic stay by stating that she filed an objection to the Debtor's plan.

14  After that, Basset did nothing to undo either the foreclosure sale of the Property or the entry of

15  default judgment in the unlawful detainer action as evidenced by her subsequent actions around

16  the time of the Second Case (i.e., evicting the Debtor from and taking physical control of the

17  Property). *See id.* at 1192 ("[The creditor] ha[s] an affirmative duty to remedy his automatic

18  stay violation." (citation omitted)); *Del Mission*, 98 F.3d at 1151 ("To effectuate the purpose of

19  the automatic stay, the onus to return estate property is placed upon the possessor; it does not

20  fall on the debtor to pursue the possessor." (citation omitted)).

21      As for the Second Case, given that Basset's allegedly violative acts occurred on the same

22  day that the Debtor filed his petition, the Complaint is again ambiguous as to whether Basset

23  had knowledge of the Second Case.  But even if the Debtor has not pleaded facts establishing

24  Basset's knowledge to satisfy the willfulness element, the Complaint also seeks injunctive relief

25  to enjoin Basset from preventing the Debtor from accessing his property and declaratory relief

26  that Basset's post-petition acts were void, both of which do not require a finding of willfulness.

27  *Cf. Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola)*, 328 B.R. 158, 170 (B.A.P. 9th Cir.

28  2005) ("While lack of notice of the bankruptcy . . . may serve as a defense to contempt

sanctions, the legal consequences of acts in violation of the discharge injunction do not

otherwise vary." (citation omitted)); *Schwartz*, 954 F.2d at 571 (holding that acts in violation of

stay are void, not voidable).

   Based on what the Debtor has alleged in the Complaint, he has sufficiently stated factual

allegations establishing a prima facie claim for a willful violation of the automatic stay, thereby

showing that he is entitled to relief under § 362(k).  Accordingly, the Debtor's first claim for

relief under § 362(k) will not be dismissed for failing to state a claim under Civil Rule 12(b)(6).

III.   **Conclusion.**

   For the foregoing reasons, Basset's Motion is granted in part and denied in part.  The

court dismisses the Debtor's second claim for relief under § 105(a) in the Complaint.  However,

the Debtor's first claim for relief under § 362(k) survives scrutiny under Civil Rule 12(b)(6).


   Dated: April  *28,*      2012



                                        _____
                                        Fredrick E. Clement
                                        United States Bankruptcy Judge

service list for 12-1025:


Patricia J. Basset
4900 Joshua Street
Lake Isabella, CA 93240


Steven E. Smith, Jr., Esq.
6355 Topanga Canyon Blvd., Suite 301
Woodland Hills, CA 91367


Michael H. Meyer, Esq.
Chapter 13 Trustee
P. O. Box 28950
Fresno, CA 93729-8950


Mark L. Pope, Esq.
Assistant United States Trustee
Office of the United States Trustee
United States Department of Justice
2500 Tulare Street, Suite 1401
Fresno, CA 93721

20